# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3248

_____

United States of America

*Plaintiff - Appellee*

v.

Willard Begay

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: May 11, 2015
Filed: July 29, 2015
[Unpublished]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Willard Begay challenges the denial of his motion for acquittal. He argues that the evidence is insufficient to prove he assaulted a federal employee in violation of 18 U.S.C. § 111. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This "court reviews de novo the sufficiency of the evidence to sustain a conviction." **United States v. Wiest**, 596 F.3d 906, 910 (8th Cir. 2010). A verdict is sustained if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." **Jackson v. Virginia**, 443 U.S. 307, 319 (1979). This court reviews the evidence most favorably to the verdict. **Id.**

Michael Williams was a correctional counselor at the Federal Medical Center (FMC). One of his duties was to aid in conflict resolution between inmates. He decided to move Begay to another cell for his safety. He called Begay to his office to tell him that. At the end of the conversation, Williams began to handcuff Begay in order to take him to his new cell. Begay turned and punched Williams in the left eye with a closed fist. Williams stepped backward. Begay picked up a computer printer, raised it over his head, and threw it at Williams's face. The printer hit Williams just below his left eye. Williams radioed for help. Several officers removed Begay from the room. Williams suffered an orbital bone fracture and lacerations on the cheek and eyelid.

A violation of 18 U.S.C. § 111(b) requires that (1) Begay forcibly assaulted a federal employee (2) voluntarily and intentionally (3) inflicting bodily injury (4) when the federal employee was engaged in the performance of official duties. *See* **United States v. Drapeau**, 644 F.3d 646, 652 (8th Cir. 2011).

Begay does not contest that Williams was assaulted. He testified he did not do it; Williams testified he did. Williams also identified Begay in a video entering his office and leaving in handcuffs. Two other correctional officers testified that Begay was the only person in the room with Williams when they arrived. "The jury has the sole responsibility to resolve conflicts or contradictions in testimony, and credibility determinations are resolved in favor of the verdict." **Wiest**, 596 F.3d at 910. Viewing the evidence most favorably to the verdict, a rational jury could find that Begay was the one who attacked Williams.

The other elements are undisputed. Williams's testimony, photographs of his face, and the testimony of three other witnesses show actual physical contact and bodily injury. *See United States v. Schrader*, 10 F.3d 1345, 1348 (8th Cir. 1993). Williams's job as a correctional counselor was to aid in conflict resolution between inmates, including relocating Begay for his safety. *See United States v. Street*, 66 F.3d 969, 978 (8th Cir. 1995) ("Engaged in . . . performance of official duties" requires "acting within the scope of what [he was] employed to do"). A rational jury could find beyond a reasonable doubt that Begay violated 18 U.S.C. § 111.

*******

The judgment is affirmed.

_____